IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY LEE CHAMBERS, JR.,           )
                                   )
            Petitioner,            )
                                   )      1:12CV1077
      v.                           )      1:10CR444-1
                                   )
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.            )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner Bobby Lee Chambers, Jr., a federal prisoner, has brought a Motion (Doc. 31), and a supporting affidavit (Doc. 32), seeking to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] In pertinent part, Petitioner was indicted for — and ultimately pled guilty to — being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Docs. 1, 8, and 18; Minute Entry 03/09/2011.) Petitioner was sentenced to 188 months of imprisonment. (Doc. 30; Minute Entry 09/07/2011.) Petitioner did not appeal, but instead filed his current Motion under § 2255 along with an affidavit. (Docs. 31 and 32.) Respondent has filed a Response. (Doc. 42.) Petitioner has filed a Reply (Doc. 46), a Motion for

---

[1] This and all further cites to the record are to the criminal case.

Leave to File a Supplemental Brief (Doc. 48), and two Supplements (Docs. 49 and 50).

On April 23, 2015, the court ordered a hearing limited to the issue of "whether counsel failed to consult with Petitioner regarding an appeal and whether Petitioner instructed counsel to file an appeal." (Doc. 52 at 2.) The hearing was set for July 22, 2015 (id.) and reset for August 25, 2015 (Doc. 55). The day prior to the hearing, the Government filed a Supplement conceding that Petitioner's allegation that he was deprived of his rights to consultation and an appeal had merit and that he was entitled to relief on that claim. (Doc. 56.) Consequently, the court cancelled the scheduled hearing. The matter is now prepared for a ruling. See Rule 8, Rules Governing § 2255 Proceedings.

### Petitioner's Claims

Petitioner's motion raises two claims for ineffective assistance of counsel. First, Petitioner contends that counsel was ineffective for failing to object to his designation as an armed career criminal. (Doc. 31, Ground One.) Second, Petitioner alleges that he was denied the right to appeal with the assistance of counsel despite the fact that he instructed counsel to appeal on his behalf. (Id., Ground Two.)

- 2 -

As explained in greater detail below, the Government concedes, and the court agrees, that Petitioner's second claim has merit. Consequently, Petitioner's Motion (Doc. 31) will be granted as to his second claim, and his first claim will be denied without prejudice to being refiled either after the completion of Petitioner's direct appeal, or upon the expiration of the time to file an appeal after the re-entry of judgment in Petitioner's criminal case.

## Discussion

To prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). The Supreme Court has also held that the dual performance and prejudice inquiry of Strickland provides the proper framework for analyzing a claim that counsel was ineffective for failing to file a notice of appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

Additionally, the Supreme Court explained in Peguero v. United States, 526 U.S. 23 (1999), that "when counsel fails to file a requested appeal, a defendant is entitled to . . . [a new] appeal without showing that his appeal would likely have

- 3 -

had merit." Id. at 28 (citation omitted). The Supreme Court has also acknowledged that the better practice is for counsel to consult with a client regarding appeal; however, it refused to impose a blanket rule requiring consultation, holding that:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Roe, 528 U.S. at 479-80. A defendant is prejudiced as described in Strickland if counsel has this constitutionally-imposed obligation and fails to meet it, and the defendant can "demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484. The Court noted that consulting involved "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478.

Here, Petitioner's counsel recalls Petitioner first inquiring about an appeal in April of 2012, well after the period for filing notice had run. (Doc. 56, Ex. A.) However, counsel has no recollection or documentation indicating that he consulted with Petitioner about his appellate rights prior to

April 2012, but for his sending of a letter to Petitioner after his conviction containing erroneous information regarding the time period during which a notice of appeal could be filed and which could be read to suggest that Petitioner, rather than counsel, was responsible for filing his own notice of appeal. (Id., Exs. A and B.)

Specifically, the letter states that Petitioner had fourteen days from the date of conviction to appeal (Doc. 56, Ex. B) rather than fourteen days from the entry of judgment provided by the Rules of Appellate Procedure, Fed. R. App. P. 4(b)(1)(A)(i). The Government reasons that counsel may well have consulted with Petitioner about an appeal, but concedes that almost four years after Judgment was entered, absent recollection or documentation, support for such a contention does not exist. Thus, in light of the foregoing, the Government agrees that, in the interest of justice, the Judgment in this case should be re-entered so that Petitioner may pursue a direct appeal in the Fourth Circuit, if he chooses to do so. Petitioner has not filed a reply agreeing or disagreeing with this resolution of his motion.

The court agrees as well, especially in light of the letter containing the erroneous information described above. In other words, the advice contained in counsel's letter to Petitioner —

who has stated that he indicated to counsel he wanted counsel to appeal on his behalf — was objectively unreasonable.  The error was prejudicial, because Petitioner was deprived of his constitutional right to consultation and an appeal as a result.  Consequently, based on the above rendition of the facts, the controlling law, and the concession of ineffective assistance of counsel, the undersigned concludes that Petitioner's Motion (Doc. 31) should be granted as to his second claim only.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Leave to File a Supplemental Brief (Doc. 48) is **GRANTED**.  The court has taken into consideration the contents of Petitioner's supplemental briefing in addressing Petitioner's claims herein.

**IT IS THEREFORE FURTHER ORDERED** that Petitioner's Motion (Doc. 31) is **GRANTED** only as to Ground Two and that the Judgment (Doc. 30) of the court entered on September 30, 2011 is **VACATED**.  A new judgment will be **RE-ENTERED** to allow Petitioner an opportunity to consult with counsel and to file an appeal, if he wishes to do so.  The existing appointment of counsel is extended to cover consultation and any appeal. Additionally, Ground One of Petitioner's Motion (Doc. 31) is **DENIED** without prejudice to being refiled either after the completion of Petitioner's direct appeal, or upon the expiration of the time

to file an appeal after the re-entry of Petitioner's criminal judgment.

This the 2nd day of September, 2015.

　　　　　　　　　　　　　　　　/s/ William L. Osteen, Jr.
　　　　　　　　　　　　　　　　United States District Judge